## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**JEFFREY RAY WILLIS**                                                              **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 4:16-CV-P11-JHM**

**DAVIESS CTY. DET.**                                        **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff Jeffrey Ray Willis, a prisoner incarcerated in the Daviess County Detention Center (DCDC), filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the Eighth Amendment conditions-of-confinement claim. The Eighth Amendment excessive force claim will continue.

### I. SUMMARY OF CLAIMS

Plaintiff identifies one Defendant in this action, Daviess County Detention.[1] He seeks monetary damages for the alleged constitutional violations that occurred while he was incarcerated there.

According to Plaintiff, on January 6, 2016, while he was housed in a cell at the DCDC with some 30 other inmates, "[t]hree or four other inmates began to act out over the fact that our T.V. was taken due to a shake down. Over a three hour period those few inmates continued to caused security problem for the guards on duty that night." Plaintiff states that at around 4:00 a.m., a S.R.T. (presumably Special Reaction Team) was brought in to bring the "problem under control." The S.R.T. removed all the inmates from the cell, placed them in isolation, and

---

[1] The correct full name for this institution and the one the Court will use throughout this Memorandum Opinion is Daviess County Detention Center (DCDC).

"began to investagate what happen." According to Plaintiff, during this time, he was not "given anything, No sleeping matts, No blankets, No Hygene, Nothing. We were MASS punished for the next six days."

Plaintiff states that during this time five inmates claimed to be suicidal. Plaintiff explains that the reason the inmates claimed to be suicidal is because if you make such a claim, the jail must move you and give you a "mat to sleep on, Hygene, sheets, blankets all the things they were not giving us." Plaintiff states that these five inmates were removed from isolation. According to Plaintiff, as a result of the suicidal claims, six guards came to each cell and put "every inmate face down with guns to our heads." Plaintiff states that while guns were pointing at his head, he was asked whether he was suicidal. Plaintiff states that he responded that he was not. According to Plaintiff, a Sgt. Hicks told him, "well you are now." Plaintiff represents that he has P.T.S.D. and that many people with P.T.S.D. commit suicide. According to Plaintiff, ever since "this has happened [his] thoughts have been everywhere. To have guns put to [his] head and to be told [he] was suicidual has sat [him] back a great deal with [his] recovery of PTSD. Plus being MAss punished when [he] did Nothing."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. *Eighth Amendment Conditions-of-Confinement Claim*

"Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, as former Chief Justice Rehnquist remarked, "[i]n short, nobody promised [inmates] a rose garden; and I know of nothing in the Eighth Amendment which requires that they be housed in a manner most pleasing to them . . . ." *Atiyeh v. Capps*, 449 U.S. 1312, 1315-16 (1981).

Plaintiff contends that after the prison disturbance, the S.R.T. removed him from his cell and placed him in isolation. He states that he was in isolation for six days and that during this time he was not "given anything, No sleeping matts, No blankets, No Hygene, Nothing." The Court disagrees that these conditions are a sufficiently grave deprivation of a basic human need to state an Eighth Amendment violation. *See, e.g.*, *Grisson v. Davis*, 55 F. App'x 756, 757 (6th Cir. 2003) (holding that an allegation of a seven-day deprivation of a mattress, sheets, and a blanket failed to state an Eighth Amendment claim); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003) (allegations of overcrowded cells and denials of daily showers and out-of-cell

4

exercise do not rise to constitutional magnitude, where a prisoner is subjected to the purportedly wrongful conditions for six days one year and ten days the next year); *Metcalf v. Veita*, No. 97-1691, 1998 WL 476254, at *2 (6th Cir. Aug. 3, 1998) (finding that an eight-day denial of showers, trash removal, cleaning, and laundry did not result in serious pain or offend contemporary standards of decency under the Eighth Amendment); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (eleven-day stay in unsanitary cell not unconstitutional because of relative brevity of stay and availability of cleaning supplies).  The conditions to which Plaintiff alleges he was subjected may have been unpleasant but were not unconstitutional.

Accordingly, the Eighth Amendment conditions-of-confinement claim will be dismissed for failure to state a claim upon which relief may be granted.

### B.  Eighth Amendment Excessive-Force Claim

Plaintiff alleges that six guards came to his cell and put him face down with guns to his head.  Plaintiff states that while guns were pointing at his head, he was asked whether he was suicidal.  Plaintiff states that he responded that he was not.  According to Plaintiff, a Sgt. Hicks told him, "well you are now."  Plaintiff represents that he has P.T.S.D. and that ever since "this has happened [his] thoughts have been everywhere.  To have guns put to [his] head and to be told [he] was suicidual has sat [him] back a great deal with [his] recovery of PTSD."

When prison officials are accused of using excessive physical force in violation of the Eighth Amendment's Cruel and Unusual Punishments clause, "the inquiry in each case must be 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  *Caldwell v. Moore*, 968 F.2d 595, 601 (6th Cir. 1992) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the

5

relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson v. McMillian*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

Upon consideration, the Court will allow the Eighth Amendment excessive-force claim to proceed.

## IV.  ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the Eighth Amendment conditions-of-confinement claim is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Eight Amendment excessive-force claim will proceed.

The Court will enter a separate Scheduling Order directing service and governing the development of the continuing claim. In permitting this claim to continue, the Court passes no judgment on the merits and ultimate outcome of the action.

Date: May 9, 2016

                                                Joseph H. McKinley, Jr., Chief Judge
                                                   United States District Court

cc:    Plaintiff, *pro se*
        Defendant
        Daviess County Attorney
4414.003