UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JEFFREY RAY WILLIS                                       PLAINTIFF

v.                                        CIVIL ACTION NO. 4:16CV-11-JHM

DAVIESS COUNTY DETENTION CENTER                     DEFENDANT

**MEMORANDUM OPINION**

        Plaintiff filed a *pro se* action pursuant to 42 U.S.C. § 1983 (DN 1). At the time Plaintiff filed the action, he was incarcerated at the Daviess County Detention Center. On May 9, 2016, the Court performed initial review of the complaint and allowed one claim to proceed and dismissed one claim (DN 9). On September 6, 2016, Plaintiff sent a change of address to the Court to what appeared to be a residential address (DN 16). Accordingly, Plaintiff's address was changed in the docket of this action. On November 23, 2016, Defendant filed a motion for summary judgment (DN 19). Plaintiff did not respond to Defendant's motion. Thus, on March 31, 2017, the Court entered an Order directing Plaintiff to respond to the motion for summary judgment within 30 days (DN 21). The copy of that Order sent to Plaintiff was returned to the Court marked "Return To Sender" and "Return To Sender, Unable To Forward, Unable To Forward, Return To Sender" (DN 22). A review of the docket reveals that almost two months have passed without Plaintiff providing any notice of an address change.

        Upon the action being filed in this Court, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(e) ("All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case

or other appropriate sanctions."). In the Scheduling Order entered in this case on May 9, 2016, the Court advised Plaintiff that "[s]hould Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendant's counsel" (DN 9). This Order also warned Plaintiff that his failure to "notify the Clerk of Court of any address change" may result in dismissal of this case. Because Plaintiff has not provided any notice of an address change to the Court, neither orders or notices from this Court nor filings by Defendant can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Review of the docket reveals that no action has been taken by Plaintiff in this case since November 2, 2016, over seven months ago. Further, an Order entered by the Court has been returned to the Court as being undeliverable, and two months have passed without Plaintiff providing a new address to the Court. Because Plaintiff has failed to provide an updated address to the Court, Plaintiff has not taken any action in this case in over seven months, and an Order sent to Plaintiff by this Court has been returned, the Court concludes that Plaintiff has failed to comply with Local Rule 5.2(e), that Plaintiff has abandoned any interest in prosecuting this action, and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of

prosecution because he failed to keep the district court apprised of his current address.");

*Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

For these reasons, the Court will dismiss the action by separate Order.

Date: June 7, 2017

                                        Joseph H. McKinley, Jr., Chief Judge
                                        United States District Court

cc:   Plaintiff, *pro se*
      Counsel of Record
4414.003